UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 17-10466 (SCC)<br><br>(Jointly Administered) |
| RUNWAY LIQUIDATION, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>APEX LOGISTICS INTERNATIONAL INC.,<br><br>　　　　　　　　　　　Defendant. | Adv. Proc. No. 19-01033 (SCC) |

## **ANSWER OF DEFENDANT APEX LOGISTICS INTERNATIONAL INC.**

Defendant Apex Logistics International Inc. ("Defendant" or "Apex") through its attorneys, Laurence B. Orloff and David Gorvitz of Orloff, Lowenbach, Stifelman & Siegel, P.A., by way of Answer to the Complaint of plaintiff Runway Liquidation Holdings, LLC ("Plaintiff"), filed on February 26, 2019 ("Complaint"), says:

## **NATURE OF THE ACTION**

1. In answering paragraph 1 of the Complaint, Apex denies that it was the recipient of preferential transfers and is without sufficient information to answer or otherwise respond to the balance of the allegations of this paragraph of the Complaint, and Plaintiff is therefore left to its proof thereof.

## THE PARTIES

2. Apex is without sufficient information to answer or otherwise respond to the allegations of paragraph 2 of the Complaint, and Plaintiff is therefore left to its proof thereof.

3. Apex admits the allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint sets forth legal conclusions as to which no response is required. To the extent a response is required, Apex is without sufficient information to answer or otherwise respond to the allegations of paragraph 4 of the Complaint, and Plaintiff is therefore left to its proof thereof.

5. Apex is without sufficient information to answer or otherwise respond to the allegations of paragraph 5 of the Complaint, and Plaintiff is therefore left to its proof thereof.

## CASE BACKGROUND

6. Apex is without sufficient information to answer or otherwise respond to the allegations of paragraph 6 of the Complaint, and Plaintiff is therefore left to its proof thereof.

7. Apex is without sufficient information to answer or otherwise respond to the allegations of paragraph 7 of the Complaint, and Plaintiff is therefore left to its proof thereof.

## FACTS

8. Apex is without sufficient information to answer or otherwise respond to the allegations of paragraph 8 of the Complaint, and Plaintiff is therefore left to its proof thereof.

9. In answering paragraph 9 of the Complaint, Apex admits that it has received some payments from BCBG for its shipping and logistics services rendered to BCBG in delivering goods critical and valuable to the latter. Except as so stated, Apex denies the allegations of paragraph 9.

10. In answering paragraph 10 of the Complaint, Apex admits that it received some payments from BCBG during this period for its shipping and logistics services rendered to BCBG in delivering goods critical and valuable to the latter. Except as so stated, Apex denies the allegations of paragraph 10, including the allegations as set forth on Exhibit "A" to the Complaint.

11. Paragraph 11 of the Complaint sets forth legal conclusions as to which no response is required. To the extent it is required, Apex admits that the payments it received from BCBG during this period are subject to such defenses.

## AS TO FIRST CLAIM FOR RELIEF

12. Apex repeats its answers to the allegations set forth in paragraphs 1 through 11 of the Complaint as if fully set forth at length herein.

13. In answering paragraph 13 of the Complaint, Apex admits that it received some payments from BCBG during this period for its shipping and logistics services rendered to BCBG in delivering goods critical and valuable to the latter.

Except as so stated, Apex denies the allegations as set forth in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint sets forth legal conclusions as to which no response is required. To the extent a response is required, Apex is without sufficient information to answer or otherwise respond to the allegations of paragraph 14 of the Complaint, and Plaintiff is therefore left to its proof thereof.

15. In answering paragraph 15 of the Complaint, Apex repeats its answers to the allegations set forth in paragraph 13 of the Complaint.

16. Paragraph 16 of the Complaint sets forth legal conclusions as to which no response is required.

17. In answering paragraph 17 of the Complaint, Apex admits that it received some payments from BCBG during this period for its shipping and logistics services rendered to BCBG in delivering goods critical and valuable to the latter, some or all of which services were ongoing. Except as so stated, Apex denies the allegations as set forth in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint sets forth legal conclusions as to which no response is required. To the extent a response is required, Apex is without sufficient information to answer or otherwise respond to the allegations of paragraph 18 of the Complaint, and Plaintiff is therefore left to its proof thereof.

19. Paragraph 19 of the Complaint sets forth legal conclusions as to which no response is required. To the extent a response is required, Apex denies the allegations of paragraph 19 of the Complaint.

20. In answering paragraph 20 of the Complaint, Apex admits that it received some payments from BCBG during this period for its shipping and logistics services rendered to BCBG in delivering goods critical and valuable to the latter, and that most or all of such payments have been retained. Except as so stated, Apex denies the allegations as set forth in paragraph 20 of the Complaint.

21. Apex denies the allegations of paragraph 21 of the Complaint.

### AS TO SECOND CLAIM FOR RELIEF

22. Apex repeats its answers to the allegations set forth in paragraphs 1 through 21 of the Complaint as if fully set forth at length herein.

23. Paragraph 23 of the Complaint sets forth legal conclusions as to which no response is required. To the extent a response is required, . Apex denies the allegations of paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint sets forth legal conclusions as to which no response is required.

25. Apex denies the allegations of paragraph 25 of the Complaint.

### FIRST SEPARATE DEFENSE

Plaintiff fails to state claims upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has not established standing to pursue the claims set forth in the Complaint.

### THIRD SEPARATE DEFENSE

Any alleged preferential transfers received by Apex during the 90-day period prior to the filing of the debtor's bankruptcy petition are offset by new value subsequently provided by Apex to the debtor.

### FOURTH SEPARATE DEFENSE

Any alleged preferential transfers received by Apex during the 90-day period prior to the filing of the debtor's bankruptcy petition were in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and Apex, and such transfers were made in the ordinary course of business or financial affairs of the debtor and Apex and/or made according to ordinary business terms.

### FIFTH SEPARATE DEFENSE

Any alleged preferential transfers received by Apex during the 90-day period prior to the filing of the debtor's bankruptcy related to the fixing or satisfaction of a statutory lien that is not otherwise avoidable.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

**WHEREFORE**, Defendant Apex Logistics International Inc. demands judgment in its favor and against Plaintiff as follows:

    A.    Dismissing each of the First through Eighth Claims for Relief with prejudice.

    B.    For attorney's fees;

    C. For interest and costs of suit;

    D. For such further relief as the Court deems just and equitable.

Dated: Morristown, New Jersey
   April 8, 2019

             Respectfully submitted,

             ORLOFF, LOWENBACH, STIFELMAN
             & SIEGEL, P.A.

             By: */s/ David Gorvitz*
               David Gorvitz
               44 Whippany Road
               Suite 100
               Morristown, New Jersey  07960
               dg@olss.com
               (973) 622-6200
               *Counsel to Defendant*
               *Apex Logistics International Inc.*