**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 17-10466 (SCC)<br><br>(Jointly Administered) |
| RUNWAY LIQUIDATION, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>APEX LOGISTICS INTERNATIONAL INC.,<br><br>　　　　　　　　　　　Defendant. | Adv. Proc. No. 19-01033 (SCC) |

## **INITIAL PRETRIAL ORDER**

The parties have elected to toll discovery pending termination of mediation.

Mediation shall be completed no later than October 31, 2019, and shall be conducted in accordance with Rule 9019-1 of the Local Bankruptcy Rules for the Southern District of New York and the Court's Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings (the "Procedures"), modified as follows:

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

(a) the parties shall have sixty (60) days after the entry of this *Initial Pretrial Order* (the "Order") to select a mediator rather than the seven (7) days provided for in paragraph 2.2(A) of the Procedures; and

(b) if, during the sixty-day period provided for in subparagraph (a) above, either of the parties concludes in good faith that mediation is unlikely to resolve the matter, that party may terminate the mediation and notify the Court of same by letter transmitted via ECF.

If the matter is settled through mediation, the Plaintiff shall file a notice of settlement with the Court no later than ten (10) days after full execution of settlement agreement.

The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall be deemed to have taken place, provided, however, that the parties each reserve their rights regarding issues concerning electronic discovery.

If the matter is not settled through mediation:

Initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) shall be made on or before thirty (30) days after the termination of the mediation.

Fact discovery shall be completed on or before one hundred twenty (120) days after the termination of the mediation.

Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), not including any report by Plaintiff on insolvency of the Debtors, shall be served by the party that bears the burden of proof for that issue no later than two hundred ten (210) days after the termination of the mediation. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, notice of the Defendant's intent to submit any such expert report must be provided no later than two hundred twenty-five (225) days after the termination of the

mediation, and any such expert report must be provided no later than two hundred forty (240) days after the termination of the mediation. Any expert rebuttal report by Plaintiff on the insolvency of the Debtors shall be provided no later than two hundred seventy (270) days after the termination of the mediation. Any party's expert report intended to rebut any other expert report, including any other expert reports that may be filed earlier than the deadlines established in this paragraph, shall be provided no later than thirty (30) days after the report being rebutted, provided, however, that in no event shall the thirty (30) day period start prior to one hundred eighty (180) days after the termination of the mediation. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than three hundred thirty (330) days after the termination of the mediation.

Dated: May 20, 2019

**PACHULSKI STANG ZIEHL & JONES LLP**
Counsel to Plaintiff, Runway Liquidation, LLC

By: */s/ Beth E. Levine*
    Beth E. Levine, Esq.
    Andrew W. Caine, Esq. (admitted
       *pro hac vice*)
    Jason S. Pomerantz, Esq. (admitted
       *pro hac vice*)
    780 Third Avenue, 34th Floor
    New York, NY 10017
    Tel.: (212) 561-7700
    Fax: (212) 561-7777
    Email: blevine@pszjlaw.com
        acaine@pszjlaw.com
        jspomerantz@pszjlaw.com

Dated: May 20, 2019

**ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.**
Counsel for Apex Logistics International Inc.

By: */s/ David Gorvitz*
    David Gorvitz, Esq.
    Laurence B. Orloff, Esq.
    44 Whippany Road
    Suite 100
    Morristown, NJ 07960 Tel: (973) 622-6200
    Fax: (973) 622-3073
    Email: dg@olss.com

**SO ORDERED:**

May 23, 2019

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE